PEOPLE v JOHNSON

Docket No. 47937. Submitted April 7, 1981, at Detroit.—Decided May 20, 1981.

Dennis Johnson was convicted of first-degree felony murder. He appealed and the Court of Appeals reversed his conviction and remanded the case for a new trial, *People v Dennis Johnson,* 85 Mich App 181 (1978). Following retrial, defendant was again convicted, Detroit Recorder's Court, Robert P. Van Wiemeersch, J. He appeals, alleging that the trial court erred in admitting testimony regarding his silence in the face of an accusation. *Held:*

The admission of the testimony regarding defendant's silence, even if error, was not sufficient to require reversal in light of corroborating testimony which leads the Court of Appeals to conclude that defendant would not have had a reasonable likelihood of acquittal in a trial free of the challenged testimony.

Affirmed.

CRIMINAL LAW — RIGHT TO REMAIN SILENT.

Admission by a trial court of testimony in a criminal case regarding a defendant's silence in the face of an accusation where determined on appeal to be error on the facts of the case does not require reversal where corroborative testimony is such as to cause the reviewing court to conclude that the defendant would not have had a reasonable likelihood of acquittal in a trial free of the testimony admitted in error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 778, 779, 786, 798, 803.
   29 Am Jur 2d, Evidence §§ 638–645.

*Bolden & Blake, P.C.,* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant appeals as of right his jury conviction of first-degree felony murder. MCL 750.316; MSA 28.548. This action arose out of an incident where it was alleged that defendant murdered one Clinton Lockhart during the commission of an armed robbery. Defendant was originally tried and convicted on this charge in March, 1977. This Court reversed that conviction on the ground that the trial court had failed to exercise its discretion on the record in considering the admissibility of defendant's prior convictions. *People v Dennis Johnson,* 85 Mich App 181; 270 NW2d 734 (1978). Defendant raises four issues in this appeal, only one of which requires discussion by this Court.

Defendant argues that the trial court committed error requiring reversal in admitting into evidence testimony indicating that defendant had remained silent in the face of an accusatory statement. The testimony was that of an acquaintance of defendant, Tommy Wright, and consisted of a conversation had shortly after the armed robbery. Judy Krisel, an accomplice to the robbery and murder, was also present. Wright testified that he asked defendant if he could see the gun which defendant had obtained from another individual earlier that evening. Defendant did not reply; however, Krisel responded that defendant had just shot somebody. Wright testified that defendant made no response to Krisel's statement.

Defendant objected to the admission of the testimony and moved for a mistrial. Plaintiff argued that the testimony was admissible as an adoptive

admission. MRE 801(d)(2)(B). Defendant argued that even if defendant's action constituted an adoptive admission, defendant adopted the statement through his silence and, thus, the testimony was inadmissible under the rule of *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). Plaintiff then argued that the circumstances surrounding the conversation established that defendant understood and unambiguously assented to the statements made, and, thus, the testimony was admissible. *People v Dietrich,* 87 Mich App 116, 130; 274 NW2d 472 (1978). The trial court ruled that since Krisel, an eyewitness and accomplice to the robbery and murder, had testified that defendant did shoot the victim, Wright's testimony was not prejudicial and would be admitted.

Even assuming *arguendo* that the foregoing was error, we do not feel that a reversal of defendant's conviction is mandated. An eyewitness and accomplice, Judy Krisel, testified that defendant shot the victim four times in the back of the head. That testimony was corroborated by that of a witness from the medical examiner's office and reflected information not available to Krisel unless she was present at the time of the shooting. Defendant admitted to being with Krisel for a large part of the night in question. Another individual testified that on the evening before the shooting he had shown defendant a gun which he owned, that he left the room in which they were standing for a short period of time, and that upon returning he discovered that both defendant and the gun were gone. That witness also testified that on the morning following the shooting defendant returned the gun. The witness testified that all of the shells which had been in the gun were gone and that the gun smelled as if it had been fired recently. In

light of this evidence, this Court cannot conclude that defendant would have had a reasonable likelihood of acquittal in a trial free of any such inadmissible testimony. *People v Hurd,* 102 Mich App 424; 301 NW2d 881 (1980).

Having examined defendant's remaining allegations of error we find them to be without merit. See *People v Gerald Hughes,* 85 Mich App 8; 270 NW2d 692 (1978), and *People v McQueen,* 85 Mich App 348; 271 NW2d 231 (1978). Moreover, Ms. Krisel's response that she had seen the murder weapon when the "trial started three years ago" was inadvertent and unsolicited.

Affirmed.