PEOPLE v HARTFORD

Docket No. 54565. Submitted May 11, 1982, at Lansing.—Decided June 23, 1982.

Albert J. Hartford, Jr., was convicted of committing murder while in the perpetration of or attempt to perpetrate a robbery, assault with intent to commit murder, and possession of a firearm while committing or attempting to commit a felony, Oakland Circuit Court, William John Beer, J. Defendant appeals, alleging that two statements which he made to police were improperly admitted into evidence, that his right to cross-examination was violated by the admission of testimony regarding statements made by codefendants who did not testify at trial, and that the Supreme Court decision abrogating the felony-murder rule should be given retroactive application. *Held:*

1. The statements made by the defendant to police were spontaneous and volunteered and, therefore, admissible into evidence. The defendant was not under interrogation at the time he made the statements.

2. The testimony regarding statements made by the codefendants sufficiently interlocks with the defendant's own statements so that the defendant's Sixth Amendment rights were not violated. The statements complained of were merely cumulative of defendant's own. In addition, there was other, overwhelming evidence of the defendant's guilt.

3. The Supreme Court decision in *People v Aaron,* 409 Mich 672 (1980), abrogating the felony-murder rule is not to be applied retroactively.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 612, 613.
[2, 3] 29 Am Jur 2d, Evidence § 539.
[3] 29 Am Jur 2d, Evidence §§ 256, 591.
[4] 20 Am Jur 2d, Courts § 236.
  40 Am Jur 2d, Homicide § 72.
  Judicial abrogation of felony-murder doctrine. 13 ALR4th 1226.

1. Criminal Law — Evidence — Statements of Defendant.

Spontaneous, volunteered statements by a suspect who is in custody, as well as the suspect's response to a police officer's question which is prompted by the volunteered remarks, are admissible at trial even though the suspect was not advised of his rights prior to making the statements.

2. Criminal Law — Confessions of Codefendants — Right of Cross-Examination.

The admission into evidence of codefendants' confessions which inculpate the defendant in a joint trial wherein the codefendants do not testify violates the defendant's right of cross-examination unless the confessions of the various codefendants are interlocking or substantially similar (US Const, Am VI).

3. Criminal Law — Confessions of Codefendants — Cumulative Evidence.

The admission into evidence of a codefendant's confession which inculpates the defendant in a joint trial wherein the codefendant does not testify is harmless beyond a reasonable doubt where the evidence supplied through the confession is merely cumulative and other evidence of the defendant's guilt is overwhelming.

4. Homicide — Felony Murder — Retroactivity.

The Supreme Court decision abrogating the common-law felony-murder rule as of the date of that decision, November 24, 1980, does not apply retroactively to trials occurring prior to that date.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Prosecuting Attorney, for the people.

*Keller & Avadenka, P.C.,* for defendant on appeal.

Before: Allen, P.J., and Cynar and C. J. Fala-hee,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was charged in a three-count information with committing murder while in the perpetration of or attempt to perpetrate a robbery, MCL 750.316; MSA 28.548, assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm while committing or attempting to commit a felony, MCL 750.227b; MSA 28.424(2). After a jury trial held August 25 through September 5, 1980, defendant was found guilty on all counts. Defendant was sentenced on October 14, 1980, to a term of natural life in solitary confinement at hard labor under count I, to a term of life under count II, and to the mandatory term of two years under count III. Defendant appeals as of right.

Defendant argues that his conviction should be set aside because of his two incriminating statements which he contends were improperly admitted against him. Defendant claims that the statements were obtained by police through improper interrogation when defendant was without the assistance of counsel and in a highly susceptible condition by reason of emotional excitement and the influence of medication. Resolution of this claim depends in part on whether the relevant police activity constituted interrogation.

"[S]ince the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Rhode Island v Innis,* 446 US 291, 302; 100 S Ct 1682; 64 L Ed 2d 297 (1980).

This Court considered *Innis* at length in two fairly recent cases, *People v Benjamin,* 101 Mich App 637; 300 NW2d 661 (1980), and *People v*

*Rowen,* 111 Mich App 76; 314 NW2d 526 (1981). In both *Benjamin* and *Rowen,* the Court concluded that spontaneous, volunteered statements by an in-custody suspect did not fall within the purview of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), and were admissible at trial.

The first statement the admission of which defendant objects to occurred on July 21, 1980, when Deputy Sheriff Stephen Allen was driving defendant from a preliminary examination on an unrelated armed robbery charge back to the Oakland County jail. Allen testified that defendant was highly emotional, upset, and angry. Allen's testimony indicates that defendant initiated the comments concerning the armed robbery and killing at issue. It appears defendant's first comments were spontaneous, volunteered statements. Even accepting defendant's emotional state, the mere transporting of a defendant on an unrelated charge is not an act reasonably likely to elicit incriminating statements.

The analysis of defendant's first statement is complicated by Allen's response to defendant that he must shoulder some responsibility. Responses to a police officer's question, prompted by a defendant's voluntered remark, need not be suppressed at trial, even if the volunteered remark was not preceded by *Miranda* warnings. *People v O'Brien,* 113 Mich App 183, 192-193; 317 NW2d 570 (1982). In this case, Allen never questioned defendant but merely responded to unfounded accusations by defendant. Allen's paternal comment was not an act reasonably likely to elicit incriminating statements.

The second statement the admission of which defendant objects to occurred on March 22, 1980,

in a room at St. Joseph Mercy Hospital in Pontiac, Michigan, where Deputy Sheriff Michael Edwin was guarding defendant during hospital watch duty. At about 10 a.m., defendant started to cry. Edwin testified that defendant was upset but seemed awake and alert. Edwin's testimony indicates that defendant initiated the comments concerning the armed robbery and killing at issue. It appears defendant's comments were spontaneous, volunteered statements, even noting defendant's emotional state.

The analysis of defendant's second statement is complicated by the fact that defendant's statement was made while he was in a hospital recovering from injuries to the mouth area. Edwin could not be sure whether hospital personnel had administered any medication to defendant. This Court has not directly addressed the problem of volunteered statements while the defendant is under medication although it noted a problem in *Benjamin, supra,* 649, fn 4.

This Court recently addressed the problem of a susceptible defendant in considering whether a statement was voluntarily made in *People v Harris,* 110 Mich App 636; 313 NW2d 354 (1981). In *Harris,* defendant's statement was taken in the hospital emergency room where he was being treated for a gunshot wound to his arm. The record did not reflect whether defendant had received any medication, although the officer stated that he smelled alcohol on defendant's breath. At the time, defendant was receiving a blood transfusion. The duration of the detention was brief, and the conditions were not such as to have rendered the statement involuntary. The officer indicated that defendant appeared to understand what was happening and did not seem to be under the

influence of either alcohol or medication. The Court concluded defendant's statement was voluntarily made. *Id.,* 653.

See, also, *People v Crawford,* 89 Mich App 30; 279 NW2d 560 (1979), *lv den* 409 Mich 914 (1980). But see *Mincey v Arizona,* 437 US 385; 98 S Ct 2408; 57 L Ed 2d 290 (1978).

The instant case appears akin to *Harris.* John Stilp, an oral surgery resident at Detroit General Hospital, examined defendant on March 16, 1980, concerning defendant's injury to the lower jaw. Stilp removed bullet fragments from defendant's mouth. Defendant's statement was made on March 22, 1980, at St. Joseph Hospital in Pontiac, Michigan, where defendant was apparently still recovering from his injury. Edwin's testimony regarding defendant's statement reflects a situation where defendant was troubled not by his pain and injury but by his conscience and by concerns for his future.

Defendant's statements appear to have been spontaneous, voluntary, and, therefore, admissible. The trial court did not err by admitting them.

Defendant also argues that his right of cross-examination was irreparably harmed by the admission of two statements made by the codefendants which inculpated defendant. Defendant claims he was harmed because he could not call the codefendants for cross-examination in their joint trial.

Admission of a codefendant's confession, inculpating defendant, in a joint trial where the codefendant does not testify violates defendant's right of cross-examination under the Sixth Amendment despite an instruction that the confession cannot be used against defendant. *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968).

Four justices sought to narrow the broad stance of *Bruton* in *Parker v Randolph,* 442 US 62; 99 S Ct 2132; 60 L Ed 2d 713 (1979). Justice Rehnquist concluded that the admission of interlocking confessions of nontestifying codefendants with proper limiting instructions conformed to the requirements of the Sixth and Fourteenth Amendments. Justice Rehnquist was joined by Chief Justice Burger and Justices Stewart and White. Justice Blackmun, the swing vote, concluded that any violation of the right to cross-examination was harmless beyond a reasonable doubt on the facts of the case.

This Court reached a conclusion similar to that of Justice Rehnquist in *People v Miller,* 88 Mich App 210, 221; 276 NW2d 558 (1979), *rev'd on other grounds* 411 Mich 321; 307 NW2d 335 (1981):

"Where the various confessions are interlocking or substantially similar, the 'powerfully incriminating extrajudicial statements of a codefendant' (391 US 135) are not present as in *Bruton,* and hence it is harmless error at most to admit such statements."

In the case at bar, defendant first complains of testimony by his brother, Michael Hartford, who testified under a grant of immunity. Michael Hartford testified that the codefendants told him that defendant had been shot in the mouth, that they had taken defendant to the Detroit Osteopathic Hospital and that defendant had killed someone. The court overruled defendant's objection that Michael Hartford's testimony was inadmissible hearsay.

The second incident of which defendant complains occurred during the testimony of Detective Sergeant Mark Goodrich. Goodrich testified that on March 18, 1980, at approximately 1:45 a.m., he

took a statement from codefendant Charles Hartford. The statement was tape-recorded and marked as Exhibit 52. The taped statement was played for the jury. Defendant's attorney did not object at the time of the admission of the statement.

*Miller* appears applicable to both statements of which defendant now complains. Although our defendant did not confess in response to interrogation by the police, defendant made two spontaneous statements in which he admitted the armed robbery and the killing. Defendant's own statements interlock with the testimony of his brother regarding statements by the codefendants.

It appears under the circumstances of this case that there was no error in admission of the two statements of which defendant complains. However, even the erroneous admission at a joint trial of such evidence does not automatically require reversal of an otherwise valid conviction. Where the evidence supplied through the confession is merely cumulative and other evidence of defendant's guilt is overwhelming, the admission of a confession by a nontestifying codefendant is harmless beyond a reasonable doubt. *Harrington v California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969). See also *People v Johnson,* 106 Mich App 570; 308 NW2d 287 (1981). The statements by Michael Hartford and Charles Hartford are cumulative of those made by defendant. The physical evidence and the testimony of the surviving victim leave no doubt that defendant committed the charged crimes. The gun and mask used by the perpetrator, the blood type at the scene and in the mask, the hair in the mask, the bullet hole in the mask, the bullet in defendant's jaw, and the bullets in the victims' bodies all point to defendant as the perpetrator.

Finally, defendant argues that the Michigan Supreme Court's abrogation of the felony-murder rule should be applied retroactively to defendant's case.

The Michigan Supreme Court abrogated the common-law felony-murder rule in *People v Aaron,* 409 Mich 672, 733; 299 NW2d 304 (1980). The Court stated that its decision shall apply to all trials in progress and those occurring after November 24, 1980, the date of the *Aaron* opinion. *Id.,* 734.

This Court has refused to give retroactive effect to *Aaron* despite the fact that one panel of this Court rejected the felony-murder rule four years before the *Aaron* decision, *People v Fountain,* 71 Mich App 491, 505-506; 248 NW2d 589 (1976), *People v Bradley,* 106 Mich App 373, 381; 308 NW2d 216 (1981), *People v Brady Smith,* 108 Mich App 338, 341-342; 310 NW2d 235 (1981). Defendant has suggested no argument which persuades us to ignore the clear statement of *Aaron.*

Affirmed.