PEOPLE v PASSENO

PEOPLE v MICHAELS

Docket No. 128293, 128639. Submitted June 9, 1992, at Lansing.
Decided July 20, 1992, at 9:15 A.M.

Joseph A. Passeno pleaded guilty in the Oakland Circuit Court,
Fred M. Mester, J., of two counts of armed robbery, two counts
of kidnapping, ten counts of possession of a firearm during the
commission of a felony, and one count of breaking and enter-
ing. Following a jury trial, he was convicted of one count of
first-degree murder and two counts of felony murder for the
murder of Glen Tarr and two counts of felony murder and one
count of second-degree murder for the murder of Wanda Tarr.
He appealed.

Bruce C. Michaels was convicted by a jury in the Oakland
Circuit Court, Fred M. Mester, J., of two counts of first-degree
murder, four counts of felony murder, two counts of armed
robbery, and eight counts of felony-firearm with regard to the
murder of Glen and Wanda Tarr. He appealed. The appeals
were consolidated.

The Court of Appeals held:

1. Multiple convictions and sentences for counts of first-de-
gree murder and felony murder arising from the death of a
single individual violate state and federal constitutional guar-
antees against double jeopardy. The proper remedy is to affirm
Passeno's and Michaels' convictions of first-degree murder,
vacate Passeno's convictions of felony murder for the killing of
Glen Tarr, vacate Michaels' convictions of felony murder, and
affirm the mandatory life sentences. Multiple convictions and
sentences for counts of felony murder and second-degree mur-
der arising from the death of a single individual likewise
violate state and federal guarantees against double jeopardy.
The proper remedy is affirmance of one of Passeno's felony-
murder convictions and vacation of his other felony-murder

REFERENCES

Am Jur 2d, Criminal Law §§ 243 et seq., 378, 385-389, 552, 603, 721;
Evidence §§ 539, 540.
See the Index to Annotations under Criminal Law; Double Jeop-
ardy; Evidence; Homicide; Venue.

conviction and his second-degree murder conviction for the killing of Wanda Tarr.

2. Conviction of felony murder and an underlying felony also violates the right against double jeopardy under the Michigan Constitution. The proper remedy is vacation of the conviction and sentence for the underlying felony. One of Passeno's convictions of an underlying felony must be vacated; which one depends upon which felony-murder conviction is affirmed on remand. The mandatory life sentence for the felony-murder conviction that is affirmed also must be affirmed.

3. The defendants may be convicted of only as many counts of felony-firearm as there are underlying felony convictions. Four of Michaels' and five of Passeno's convictions of felony-firearm are affirmed. The remaining felony-firearm convictions are vacated.

4. The trial court did not abuse its discretion in denying Passeno's motions for a change of venue and a directed verdict. The jury that was impaneled was competent to hear the evidence, and Passeno failed to prove that he was entitled to a change of venue. With regard to the motion for a directed verdict, there was sufficient evidence to enable the jury to determine that the killings were accomplished with premeditation and deliberation, thus precluding the grant of a directed verdict.

5. The trial court in Passeno's trial erred in admitting without a limiting instruction evidence of Michaels' incriminating statements to another witness. The error was harmless, however, because the evidence supplied through the incriminating statements was merely cumulative and the other evidence of Passeno's guilt was overwhelming.

6. Passeno's argument regarding the sentences imposed for his convictions of armed robbery and kidnapping need not be addressed because, given the affirmance of his convictions of first-degree murder for the killing of Glen Tarr and one count of felony murder for the killing of Wanda Tarr and the life sentences imposed for those convictions, no relief would be afforded even if it were concluded that the sentences were disproportionate.

7. The trial court's findings of fact supporting its determination with regard to each of the factors to be considered in deciding whether to sentence Michaels, a juvenile, as an adult were not clearly erroneous. The court did not abuse its discretion in sentencing Michaels as an adult.

Affirmed in part, reversed in part, and remanded.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE CONVIC-
   TIONS AND SENTENCES FOR SINGLE KILLING.

   Multiple convictions and sentences for counts of first-degree
   murder and felony murder or felony murder and second-degree
   murder arising from the death of a single individual violate the
   constitutional guarantees against double jeopardy (US Const,
   Am V; Const 1963, art 1, § 15).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FELONY MURDER —
   UNDERLYING FELONIES.

   Conviction of felony murder and an underlying felony violates
   the state constitution's guarantee against double jeopardy
   (Const 1963, art 1, § 15).

3. VENUE — CRIMINAL LAW — MOTIONS AND ORDERS — PRETRIAL
   PUBLICITY.

   The existence of pretrial publicity, standing alone, does not
   necessitate a change of venue; to be entitled to a change of
   venue, the defendant must show either a pattern of strong
   antipathy in the community and publicity so extensive and
   inflammatory that jurors could not remain impartial when
   exposed to it or that the jury was actually prejudiced or that
   the atmosphere surrounding the trial would create a probabil-
   ity of prejudice.

4. CRIMINAL LAW — EVIDENCE — NONTESTIFYING CODEFENDANT'S
   CONFESSION — HARMLESS ERROR.

   Evidence of incriminating statements by a nontestifying codefen-
   dant that interlock with a defendant's confession is admissible
   only when an appropriate limiting instruction is given; failure
   to give the limiting instruction is harmless where the evidence
   supplied through the codefendant's confession is merely cumu-
   lative and the other evidence of the defendant's guilt is over-
   whelming.

5. CRIMINAL LAW — JUVENILES — SENTENCES.

   A bifurcated standard is applied in reviewing a trial court's
   decision to sentence a minor as a juvenile or an adult: first, the
   court's findings of fact supporting its determination regarding
   each of the statutory factors to be considered is reviewed for
   clear error; second, the ultimate decision whether to sentence
   the minor as a juvenile or as an adult is reviewed for an abuse
   of discretion (MCL 769.1[3]; MSA 28.1072[3]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-

ecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Michael J. McCarthy, P.C.* (by *Michael J. McCarthy*), for Joseph Passeno.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for Bruce Michaels.

Before: Gribbs, P.J., and Hood and C. W. Simon, Jr.,* JJ.

Hood, J. Defendants Joseph Passeno and Bruce Michaels appeal as of right from their convictions of multiple offenses arising from the slayings of Glen and Wanda Tarr on the evening of November 9, 1989. The appeals were consolidated by the Court of Appeals. We affirm in part, reverse in part, and remand.

Passeno was originally charged with two counts of first-degree murder, MCL 750.316; MSA 28.548, two counts of felony murder, MCL 750.316; MSA 28.548, two counts of armed robbery, MCL 750.529; MSA 28.797, two counts of kidnapping, MCL 750.349; MSA 28.581, ten counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and one count of breaking and entering, MCL 750.110; MSA 28.305. Immediately before trial, Passeno pleaded guilty with regard to each of the nonmurder offenses. Following trial, he was convicted of one count of second-degree murder and two counts of felony murder for the killing of Wanda Tarr and one count of first-degree murder and two counts of felony murder for the killing of Glen Tarr.

Michaels was originally charged with two counts

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of first-degree murder, four counts of felony murder, two counts of armed robbery, and eight counts of felony-firearm. Following trial, Michaels was convicted of all counts, as charged.

We will first consider defendants' assertion that the constitutional prohibitions against double jeopardy have been violated by their convictions of more than one count of murder for each of the slayings. We conclude that appellate review of this issue is appropriate, despite defendants' failure to raise it before the trial court, because a significant constitutional question is presented. *People v Newcomb,* 190 Mich App 424, 431; 476 NW2d 749 (1991).

Both the federal and state constitutions prohibit placing a person in jeopardy of criminal conviction or incarceration twice for the same offense. US Const, Am V; Const 1963, art 1, § 15. Because Michigan's Double Jeopardy Clause is "substantially identical" to that found within the Fifth Amendment of the United States Constitution, *People v Bush,* 187 Mich App at 316, 322; 466 NW2d 736 (1991), we will consider whether defendants' convictions violate their provisions simultaneously.

Multiple convictions and sentences for counts of both first-degree murder and felony murder arising from the death of a single individual violate the constitutional guarantees against double jeopardy. *People v Zeitler,* 183 Mich App 68, 71; 454 NW2d 192 (1990); *People v Goree,* 132 Mich App 693, 712; 349 NW2d 220 (1984). Where a defendant is convicted of both first-degree and felony murder for the slaying of a single individual, the majority of reported cases hold that the conviction of first-degree murder must be affirmed, and the conviction of felony murder vacated. See, e.g., *People v Carl Johnson,* 99 Mich App 547, 559-560; 297

NW2d 713 (1980). We believe that this is an appropriate remedy, given that first-degree murder requires proof of an element not required for felony murder. Accordingly, we affirm Passeno's conviction of first-degree murder and vacate his convictions of felony murder for the killing of Glen Tarr and affirm Michaels' convictions of first-degree murder and vacate his convictions of felony murder. The mandatory life sentences for those affirmed convictions are affirmed.

Similarly, because felony murder requires proof of an element not required for a conviction of second-degree murder, we conclude that convictions of both felony murder and second-degree murder for the killing of the same individual should result in the affirmance of the felony-murder conviction and vacation of the second-degree murder conviction. See *People v Hall,* 83 Mich App 632, 638; 269 NW2d 476 (1978) (affirming a conviction of first-degree murder and vacating a conviction of second-degree murder arising out of the killing of the same individual). Accordingly, we affirm one of Passeno's convictions of felony murder and vacate the other conviction of felony murder and his conviction of second-degree murder for the killing of Wanda Tarr.

Our disposition of the issue regarding defendants' convictions of more than one count of murder for the killing of a single individual requires that we also consider their remaining convictions. Conviction of both felony murder and the underlying, or predicate, felony also violates a defendant's right against double jeopardy under the state constitution. *People v Wilder,* 411 Mich 328, 352; 308 NW2d 112 (1981); *Bush, supra* at 325-326; *People v Lumsden,* 168 Mich App 286, 300-301; 423 NW2d 645 (1988). See also *People v Robideau,* 419 Mich 458, 489, n 8; 355 NW2d 592 (1984). When a

defendant erroneously is convicted of both felony murder and the underlying, or predicate, felony, the remedy is a vacation of the conviction and sentence for the underlying, or predicate, felony. *Lumsden, supra* at 301. Accordingly, we conclude that one of Passeno's convictions of an underlying, or predicate, felony must be vacated. Of course, which conviction must be vacated is dependent upon which felony-murder conviction is affirmed. We remand this matter to the trial court for a determination regarding which conviction should be affirmed. The mandatory life sentence for that conviction will also be affirmed.

Finally, we consider defendants' felony-firearm convictions. Conviction of felony-firearm requires that the prosecutor prove, beyond a reasonable doubt, that the defendant possessed or carried a firearm during the commission of any felony or attempted felony. *Wayne Co Prosecutor v Recorder's Court Judge,* 406 Mich 374, 397-398; 280 NW2d 793 (1979), app dis 444 US 948 (1979). Accordingly, defendants properly can be convicted of only as many counts of felony-firearm as they have underlying felony convictions. We affirm four of Michaels' convictions of felony-firearm (two for his two first-degree murder convictions and two for his two armed robbery convictions) and five of Passeno's convictions of felony-firearm (one for his first-degree murder conviction, one for his felony-murder conviction, and three for whichever three underlying felony convictions are upheld), and vacate the remaining convictions of felony-firearm.

We now turn to the remaining issues presented by defendants on appeal.

Passeno argues that the trial court erred in denying his motion for a change of venue, given the tremendous amount of publicity that accompanied this matter. Passeno maintains that he could

not receive a fair trial in Oakland County because of the "intense" news coverage given to the murders of the victims; the negative community response to the murders, which he characterizes as an "uproar"; and the trial court's failure to allow the passage of time before the trial commenced. This Court reviews a trial court's grant or denial of a motion for change of venue to determine if there has been an abuse of discretion, *People v Harvey,* 167 Mich App 734, 741; 423 NW2d 335 (1988), using the somewhat stricter standard observed in criminal cases. *People v Charles O Williams,* 386 Mich 565, 573; 194 NW2d 337 (1972).

We begin by noting that the trial court's denial of Passeno's motion before jury selection was not only proper, but is considered to be the preferable practice. *Harvey, supra* at 741; *People v Collins,* 43 Mich App 259, 262; 204 NW2d 290 (1972).

The existence of pretrial publicity, standing alone, does not necessitate a change of venue. *People v Furman,* 158 Mich App 302, 321; 404 NW2d 246 (1987); *People v Haggart,* 142 Mich App 330, 334; 370 NW2d 345 (1985). Rather, to be entitled to a change of venue, the defendant must show that there is either a pattern of strong community feeling against him and that the publicity is so extensive and inflammatory that jurors could not remain impartial when exposed to it, *People v Wytcherly,* 172 Mich App 213, 220; 431 NW2d 463 (1988); *People v Prast (On Rehearing),* 114 Mich App 469, 477; 319 NW2d 627 (1982), or that the jury was actually prejudiced or the atmosphere surrounding the trial was such as would create a probability of prejudice. *Wytcherly, supra* at 220; *People v Bloom,* 15 Mich App 463, 468-469; 166 NW2d 691 (1969).

When a juror, although having formed an opinion from media coverage, swears that he is without

prejudice and can try the case impartially according to the evidence, and the trial court is satisfied that the juror will do so, the juror is competent to try the case. *Furman, supra* at 321.

Our review of the record in this matter leads us to conclude, for a number of reasons, that the trial court did not abuse its discretion in denying defendant Passeno's motion for a change of venue. Although defendant Passeno alleged the existence of wide pretrial publicity, he provided no summary or examples of the media reports. He also failed to show that there was a pattern of strong community feeling against him, sufficiently strong to render all potential jurors partial, or that the jury was actually prejudiced. The trial court, by its careful individual examination of each potential juror, determined what exposure to the media reports each had and questioned each regarding impartiality. Those who expressed a problem in setting aside their feelings because of the media coverage were promptly excused for cause. We also note that Passeno did not renew his motion after the jury panel had been selected.

Because we conclude that the jury that was ultimately impaneled was competent to hear the evidence, and that Passeno did not make either of the showings necessary to entitle him to a change of venue, we affirm the trial court's denial of Passeno's motion.

We also reject Passeno's assertion that the trial court erred in denying his motion for a directed verdict at the conclusion of the prosecutor's case in chief. Essentially, Passeno argues that insufficient evidence of premeditation and deliberation was presented to enable the original charges of first-degree murder and felony murder to go to the jury.

We first note that premeditation and delibera-

tion do not have to be shown to support a conviction of felony murder. The only intent required is the malicious intent required for a conviction of second-degree murder: intent to kill, intent to do great bodily harm, or intent to create a very high risk of death or great bodily harm with the knowledge that death or harm will probably result. *People v Flowers,* 191 Mich App 169, 176; 477 NW2d 473 (1991).

To prove first-degree murder, the prosecutor must establish that the defendant's intentional killing of another was deliberate and premeditated. *People v Coddington,* 188 Mich App 584, 599; 470 NW2d 478 (1991). Although the length of time needed to weigh a choice before it is made is incapable of a precise determination, there must be an interval during which a "second look" may be contemplated. *Furman, supra* at 308. A partial list of factors that may be considered by the trier of fact to determine if premeditation and deliberation are present includes: (1) the previous relationship between the victims and the defendant, (2) the defendant's actions before and after the crime, and (3) the circumstances surrounding the killing itself, including the weapon used and the location of the wounds inflicted. *Coddington, supra* at 600.

The evidence presented during the prosecutor's case in chief showed that the killings of both Wanda and Glenn Tarr were accomplished after they were taken from the comparative safety of their car and home, respectively, driven to an isolated park, walked down a path into the woods, and shot numerous times in the head from a distance of 1½ to 2 feet by two weapons. Taking this evidence in a light most favorable to the prosecution, as we are required to do, *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985); *People v Lino,* 190 Mich App 715, 720-721;

476 NW2d 654 (1991), we conclude that there was more than sufficient evidence to enable a rational trier of fact to conclude that the killings were done with premeditation and deliberation. Accordingly, we find that the trial court did not err in denying Passeno's motion for a directed verdict.

We also reject Passeno's assertion that the admission in his trial of evidence of Michaels' incriminating statements to another witness, absent a limiting instruction, requires reversal. Although it is true that evidence of incriminating statements of a codefendant, which interlock with the defendant's confession, is admissible only when an appropriate limiting instruction is given, *Parker v Randolph,* 442 US 62; 99 S Ct 2132; 60 L Ed 2d 713 (1979); *People v Jackson,* 158 Mich App 544, 552-553; 405 NW2d 192 (1987), failure to give such an instruction does not always require reversal. "Where the evidence supplied through the confession is merely cumulative and other evidence of defendant's guilt is overwhelming, the admission of a confession by a nontestifying codefendant is harmless beyond a reasonable doubt." *People v Hartford,* 117 Mich App 413, 420; 324 NW2d 31 (1982). The record in this matter provides overwhelming evidence of Passeno's guilt. We find that, although the trial court erred in admitting evidence of Michaels' incriminating statements to another witness without a limiting instruction, any error that occurred was harmless. Reversal is not required.

Finally, both defendants challenge the sentences imposed by the trial court.

Passeno argues that the sentences imposed for his convictions of armed robbery and kidnapping constitute an abuse of discretion that should shock the conscience of the Court. Although we note that the appropriate standard is now whether the sen-

tence imposed was proportionate to the offender and the offense committed, *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990), we decline to address the sentences imposed for these convictions. Given our affirmance of Passeno's convictions of first-degree murder for the killing of Glen Tarr and one count of felony murder for the killing of Wanda Tarr, and the mandatory terms of natural life imposed for those convictions, even if we concluded that the sentences were disproportionate, no relief would be afforded Passeno. *People v Sharp,* 192 Mich App 501, 506; 481 NW2d 773 (1992).

Michaels challenges the trial court's decision to sentence him as an adult in accordance with MCL 769.1(3); MSA 28.1072(3). Michaels argues that the opinions of the experts presented by the prosecution at his sentencing hearing were influenced impermissibly by his multiple convictions, his perceived lack of remorse for the killings, and his perjury regarding the facts of the case. Michaels characterizes the experts' recommendations as containing a "rather cynical implication" that if he had admitted guilt and showed remorse he would have been sentenced as a juvenile. Although he admits that the trial court sufficiently articulated the reasons for the sentences imposed, Michaels argues that the experts relied on improper sentencing considerations, his multiple convictions, and his lack of remorse in recommending adult placement and that the admission of their recommendations, along with the trial court's reliance upon the expert's recommendations, entitles him to a new sentencing hearing.

MCL 769.1(3); MSA 28.1072(3) requires that the court having jurisdiction over a minor offender, whether pursuant to MCL 764.1f; MSA 28.860(6) or not, conduct a hearing to determine "if the best

interests of the juvenile and the public" would be better served by placing the minor in the custody of the juvenile offender system or by sentencing the minor as an adult. MCL 769.1(3); MSA 28.1072(3) provides a list of criteria to be considered by the court in making its determination, including the juvenile's prior record, the seriousness and circumstances surrounding the offense, whether the offense is part of a pattern of similar offenses, whether the juvenile's behavior is likely to render him dangerous if released at age twenty-one, whether rehabilitation of the juvenile is more likely to occur in the juvenile or adult system, and what is in the best interests of the public peace and welfare.

MCR 6.931 is the court rule governing the hearings mandated by MCL 769.1; MSA 28.1072. Under MCR 6.931(E)(2), the prosecutor has the burden of proving, by a preponderance of the evidence, that the best interests of the juvenile and the public would be served by sentencing the juvenile as an adult. Subsection E(4) requires that the trial court make findings of fact and conclusions of law.

We believe that the appropriate standard of appellate review of the trial court's decision to sentence a minor as a juvenile or as an adult is a bifurcated one. First, the trial court's findings of fact supporting its determination regarding each of the factors enumerated in MCL 769.1(3); MSA 28.1072(3) should be reviewed under the "clearly erroneous" standard of MCR 2.613(C). The trial court's findings are clearly erroneous "if, after a review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made." *People v Gistover,* 189 Mich App 44, 46; 472 NW2d 27 (1991). Second, the ultimate decision whether to sentence the minor as a juvenile or as an adult and the sentence itself

should be reviewed for an abuse of discretion, utilizing, as to the sentence, the standard identical to that used in reviewing sentencing decisions for adults. As noted above, the abuse-of-discretion standard for review of sentencing requires reversal if this Court determines that the sentence imposed upon the defendant "violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn, supra* at 636.

Simply put, Michaels' characterization of the experts' testimony is not supported by the record. Each of the experts recommended that Michaels be sentenced as an adult, noting the violent and serious nature of the crimes, that there was a substantial danger of recurring dangerous behavior, that Michaels would not be responsive to treatment, and that Michaels would be disruptive within the juvenile system.

The trial court, in a well-reasoned opinion, found that Michaels' behavior was indicative of an increased violent state and part of a repetitive pattern; that the crimes committed were premeditated and deliberated, occurring over a period of time sufficient to enable Michaels to take a second look, which he did not do; that Michaels was a leader, not a follower, and had undertook to commit crimes of a "violent and reprehensible nature"; that rehabilitation, if possible, was more likely to occur in the adult system; and that the interests of the public welfare required sentencing as an adult. Given that our review of the record in this matter does not leave us with a definite and firm conviction that a mistake has been made, we affirm the findings of the trial court.

Similarly, we affirm the trial court's decision to sentence Michaels as an adult. Given Michaels'

central role in the commission of these heinous crimes, we cannot conclude that the trial court's decision to sentence him as an adult was not proportionate to the circumstances surrounding Michaels or the offense. Accordingly, we find no abuse of discretion.

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings in accordance with this opinion. We do not retain jurisdiction.