WATSON v WATSON

Docket No. 157320. Submitted January 6, 1994, at Lansing. Decided
March 22, 1994, at 9:10 A.M.

Danny H. Watson brought an action in the Jackson Circuit Court
against Kyle Watson, seeking a divorce. Instead of conducting a
trial, the court, Charles A. Nelson, J., on its own motion and
without the express consent of the parties, conducted a "confer-
ence method hearing" to decide contested issues of child cus-
tody, support, and visitation, and property division. The plain-
tiff appealed following the entry of the divorce judgment.

The Court of Appeals *held:*

MCR 3.211, now MCR 3.216, which governs mediation of
domestic relations matters, does not prohibit circuit courts
from ordering, on stipulation of the parties, the use of modified
mediation or other settlement procedures. In this case, how-
ever, the plaintiff did not stipulate use of the conference
method hearing and was denied his right to a trial regarding
the disputed issues.

Reversed and remanded for trial.

D.E. SHELTON, J., concurring, stated that the bench and bar
should employ the conference method hearing in domestic
relations disputes, but only with the express consent of the
parties.

DIVORCE — MEDIATION.

A circuit court may use modified mediation or other settlement
procedures instead of conducting a trial to resolve contested
issues in a divorce action only upon the parties' stipulation
(MCR 3.211[A][3], now 3.216[A][3]).

*Parker & Adams, P.C.* (by *James D. Adams*), for
the plaintiff.

REFERENCES

Am Jur 2d New Topic Service, Alternative Dispute Resolution § 29.
Validity and construction of provision for arbitration of disputes as
to alimony or support payments, or child visitation or custody
matters. 18 ALR3d 1264.

*Blaine B. Johnson, Jr.,* for the defendant.

Before: FITZGERALD, P.J., and TAYLOR and D. E. SHELTON,* JJ.

PER CURIAM. Plaintiff appeals as of right the order granting the parties a judgment of divorce and awarding custody of their two minor children to defendant mother. We reverse and remand for a trial.

Trial of this matter was scheduled for September 17, 1992, regarding the issues of custody, support, visitation, and property division. Instead of conducting a trial, the trial court unilaterally decided to conduct a "conference method hearing," which is apparently aimed at lessening the adversarial nature of domestic relations disputes.

As a threshold matter, we note that plaintiff did not object to the court's use of the conference method of handling disputes. Ordinarily, we would conclude that this issue is not properly preserved for appellate review because plaintiff failed to object until after the proceeding was concluded. However, inasmuch as plaintiff presents the issue as one involving a significant constitutional question (i.e., procedural due process), review is appropriate. *People v Passeno,* 195 Mich App 91, 95; 489 NW2d 152 (1992).

An examination of the record reveals that the trial court used the conference method in the following respects:

1. The court only allowed those witnesses that were present at the beginning of the trial to be called by the parties.

2. There were no opening or closing arguments by the parties.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

3. The court initiated questioning of the three witnesses and developed the record as it saw fit.

4. After the court completed its questioning of each witness, it allowed the parties' attorneys to examine the witness. The attorneys also were allowed to reexamine a witness if necessary.

5. After the witnesses were excused, the court questioned plaintiff. As instructed by the court, plaintiff's counsel called plaintiff to give a narrative regarding any additional information that the court would need to arrive at a decision. After plaintiff's narrative, plaintiff's counsel conducted examination of plaintiff. Defendant's attorney was permitted to cross-examine plaintiff, and plaintiff's attorney was permitted to ask questions on redirect examination.

6. Defendant was allowed to give her narrative, which was divided into the separate issues of property division and custody. Plaintiff's counsel cross-examined defendant after each narrative.

Following defendant's testimony, the trial court delivered its opinion from the bench. After the court rendered its opinion, plaintiff's attorney objected to the court's use of the conference method.

Settlement procedures designed to avoid protracted litigation are favored by the courts. In domestic relations matters, MCR 3.211[1] governs mediation. Although MCR 3.211 permits binding mediation, it does not require parties to agree to binding mediation. See MCL 552.513; MSA 25.176(13). See also *Balabuch v Balabuch,* 199 Mich App 661, 662; 502 NW2d 381 (1993). Under the court rule, parties can object to mediation and demand a trial on all issues if both parties do not accept the mediator's recommendation in full.

---

[1] MCR 3.211 was in effect at the time this case was decided by the trial court. In 1993, the court rule was renumbered, as MCR 3.216, with only minor grammatical and stylistic changes.

However, nothing in MCR 3.211 prohibits the court from ordering, *on stipulation of the parties*,[2] the use of modified mediation or other settlement procedures. MCR 3.211(A)(3).

The conference method hearing utilized by the trial court is a novel settlement method, which has been attempted in some counties, to settle domestic relations matters. Although we encourage the use of settlement procedures to which the parties stipulate and the court approves, MCR 3.211(A)(3) does not permit a party to be compelled to be bound by a decision reached through a settlement procedure to which the party did not agree.

In this case, plaintiff's right to have the court apply the rules of evidence and the principles that govern the means of obtaining proof was usurped by the trial court without plaintiff's consent. Inasmuch as plaintiff did not stipulate the use of the conference method hearing and was denied his right to a trial, plaintiff is entitled to a trial on the disputed issues of custody, support, visitation, and property division.

Reversed and remanded. We do not retain jurisdiction.

D. E. SHELTON, J. *(concurring)*. I concur.

The conference trial has some distinct advantages in the trial of certain domestic relations disputes. While our legal system forces families to file a lawsuit to resolve their family differences, they should be free to choose, and the court should be allowed to facilitate, a "trial" process that is not necessarily in our traditional adversarial mode. Divorce and custody disputes are often better resolved with a process that focuses more on dialogue. Nevertheless, the court cannot force the parties to forgo the procedural processes provided

---

[2] The failure to object to a settlement procedure does not constitute a stipulation to the procedure.

by the court rules and the rules of evidence absent their express agreement to do so.

I would urge the courts and counsel to actively consider the "conference trial" format in domestic and possibly other disputes. It may only be employed, however, with the express consent of the parties. Because of the departure from the more traditional model, I believe that this consent must be explicit, either by stipulation of the parties or on the record in open court. On that basis, I reluctantly agree that this case must be remanded.