PEOPLE v BELL

Docket No. 65299. Submitted October 6, 1983, at Detroit.—Decided December 14, 1983. Leave to appeal applied for.

Elaine F. Bell was arrested, advised of her *Miranda* rights, and charged with murdering her fiancé. While being booked, she was permitted to telephone her parents. Three officers overheard her conversation, in which she admitted the killing. Ms. Bell was tried and convicted of second-degree murder following a jury trial in Menominee Circuit Court and was sentenced to from 8 to 30 years imprisonment, V. Robert Payant, J. Defendant appeals, claiming that the use of the evidence relating to her telephone conversation violated her Fourth, Fifth, and Sixth Amendment rights and that the trial court erred in failing to instruct the jury on intoxication as a possible defense. *Held:*

1. Under the circumstances, defendant had no reasonable expectation of privacy when she made the telephone call. Thus, there was no Fourth Amendment violation.

2. Because there was no interrogation, defendant's *Miranda* rights were not violated. Defendant's Fifth Amendment rights were not violated.

3. Because defendant did not assert her right to counsel, that right was not violated. There was no Sixth Amendment violation.

4. The defense of voluntary intoxication is not available to a charge of second-degree murder because it is a crime of general intent.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

21A Am Jur 2d, Criminal Law § 938.

29 Am Jur 2d, Evidence §§ 555-557, 572.

62 Am Jur 2d, Privacy § 40.

Eavesdropping as violating right of privacy. 11 ALR3d 1296.

Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

Admissibility of confession as affected by its inducement through artifice, deception, trickery or fraud. 99 ALR2d 772.

CONSTITUTIONAL LAW — RIGHT TO PRIVACY — *MIRANDA* RIGHTS —
    RIGHT TO COUNSEL.
    A defendant's Fourth, Fifth, and Sixth Amendment rights were
    not violated by the fact that police officers remained in an area
    from which the defendant was making a phone call after being
    arrested and having been advised of her *Miranda* rights and
    overheard the defendant admit during the telephone conversa-
    tion that she had committed the crime for which she was
    arrested where she had no reasonable expectation of privacy,
    there was no interrogation by the police, and the defendant did
    not assert her right to counsel (US Const, Ams IV, V, VI).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Jeffry R. Jurmu,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *R. Steven Whalen),* for defendant on appeal.

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. On January 22, 1982, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and was subsequently sentenced to from 8 to 30 years imprisonment. She appeals as of right.

Right after being arrested, defendant was advised of her rights pursuant to *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Later, while being booked at the county jail, she asked to telephone her parents in Texas. Even though she was not advised of her *Miranda* rights again, at least three officers stayed during the telephone conversation and overheard what she said. Her conversation, admitting the killing to her mother, was later testified to at trial.

Defendant now argues that the admission of this evidence violated her Fourth, Fifth, and Sixth

Amendment rights. We disagree on all three counts. First, to establish a Fourth Amendment violation, a defendant must have had a reasonable expectation of privacy. *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967); *Jenson v Pontiac,* 113 Mich App 341, 346; 317 NW2d 619 (1982). Under the circumstances, defendant had no reasonable expectation of privacy. Second, because there was no interrogation, *Miranda* was not violated. *Rhode Island v Innis,* 446 US 291; 100 S Ct 1682; 64 L Ed 2d 297 (1980). Moreover, volunteered statements (such as these) do not violate *Miranda. People v Hartford,* 117 Mich App 413; 324 NW2d 31 (1982). Third, because defendant did not assert her right to counsel, that right was not violated. *Edwards v Arizona,* 451 US 477; 101 S Ct 1880; 68 L Ed 2d 378 (1981); *People v Paintman,* 412 Mich 518; 315 NW2d 418 (1982), *cert den* 456 US 995; 102 S Ct 2280; 73 L Ed 2d 1292 (1982).

Defendant also argues that the trial court erred in failing to instruct the jury on intoxication as a possible defense. However, this issue has been settled by *People v Langworthy,* 416 Mich 630; 331 NW2d 171 (1982). This Court has no power to overrule our Supreme Court.

Affirmed.