PEOPLE v WILLIAMS

Docket No. 71546. Submitted March 6, 1984, at Grand Rapids.— Decided June 19, 1984. Leave to appeal applied for.

Ricky Williams was convicted of possession of marijuana, Manistee Circuit Court, Charles A. Wickens, J. Defendant appealed, alleging that the statute prohibiting the possession of marijuana violates his right to privacy. *Held:*

No constitutional right of privacy exists which encompasses the right to possess and use marijuana.

Affirmed.

CRIMINAL LAW — CONSTITUTIONAL LAW — MARIJUANA — RIGHT TO PRIVACY.

The statute prohibiting the possession of marijuana does not unconstitutionally violate the right to privacy; no constitutional right of privacy exists which encompasses the right to possess and use marijuana (MCL 333.7403[2][d]; MSA 14.15[7403][2][d]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Brent V. Danielson,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Karla K. Goodman),* for defendant on appeal.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. E. FITZGERALD,* JJ.

PER CURIAM. Defendant was convicted by a jury of possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d), and sentenced to one year

REFERENCES FOR POINTS IN HEADNOTE
16A Am Jur 2d, Constitutional Law § 604.
25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.
* Circuit judge, sitting on the Court of Appeals by assignment.

of probation with 15 days to be spent in the county jail and fined $150. Defendant appeals as of right.

At trial, defendant challenged the constitutionality of the marijuana laws, asserting that the laws, and the conduct of law enforcement judicial officers in enforcing those laws, had violated his rights under the Ninth Amendment. Defendant argued that the marijuana laws made him a criminal for exercising his right to decide for himself what he wanted to do with his body.

Noting that the law in question was shrouded by a presumption of constitutionality, the trial court held that defendant failed to overcome that presumption.

On appeal, defendant originally raised three issues. At oral argument, defendant withdrew two of those issues, leaving for our consideration only his challenge to the constitutionality of the marijuana possession law. On appeal, defendant has abandoned his Ninth Amendment argument and now claims that the law in question violates his right to privacy. This question has not yet been addressed by the courts of this state.

Defendant urges this Court to follow the case of *Ravin v State,* 537 P2d 494 (Alas, 1975), and hold that the statute punishing possession of marijuana for personal use as a criminal offense violates one's right to privacy. We decline to do so. *Ravin* was based on a right to privacy provision peculiar to the Alaska Constitution. Instead, we adopt the reasoning of the Supreme Court of Washington which held in *State v Smith,* 93 Wash 2d 329, 345-348; 610 P2d 869, 879-881 (1980), that no constitutional right of privacy exists which encompasses the right to possess and use marijuana.

More than two months after oral argument,

defense counsel informed this panel that defendant's oral waiver of the other two issues raised on appeal was made without discussing the matter with counsel and was not an informed and knowing decision on his part. Defendant now requests that we review those two issues. We have and find no reversible error.

Affirmed.