PEOPLE v PEARSON

Docket No. 89428. Submitted December 3, 1986, at Grand Rapids.
    Decided January 5, 1987. Leave to appeal denied, 428 Mich —.

Daniel J. Pearson was convicted of manufacturing a controlled
    substance, namely marihuana, following a jury trial in the
    Luce Circuit Court, William F. Hood, J. Defendant was sen-
    tenced to a three-year term of probation. He appealed, claim-
    ing, inter alia, that the Public Health Code does not prohibit an
    individual from growing marihuana strictly for personal use.

The Court of Appeals *held:*

1. The production, including the growing, of a controlled
substance for one's own use is prohibited under the Public
Health Code.

2. The personal use exception provided by the Public Health
Code applies only to the preparation and compounding of a
controlled substance already in existence. The exception, there-
fore, does not apply to defendant's cultivation of some four
thousand marihuana plants.

3. No constitutional right of privacy exists which encompas-
ses the right to possess, use, or manufacture marihuana.

4. The trial court did not err in ruling that evidence of
statements made by defendant at the time of arrest was admis-
sible even in the absence of any advice of rights, since the
statements represented defendant's spontaneous reaction to a
confrontation with the police and were not elicited in the
process of interrogation.

5. The admission of evidence of defendant's statements to the
police did not, as defendant argued, violate the rule of evidence
which provides that evidence of an offer to plead guilty or of
statements made in connection with an offer to plead guilty is
not admissible.

Affirmed.

REFERENCES

Am Jur 2d, Constitutional Law §§ 601 *et seq.*

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16-21.

Constitutionality of state legislation imposing criminal penalties for
personal possession or use of marijuana. 96 ALR3d 225.

1. CRIMINAL LAW — CONTROLLED SUBSTANCES — MARIHUANA —
     PUBLIC HEALTH CODE — PERSONAL USE EXCEPTION.

   The growing of marihuana for one's own use is prohibited under
   the provisions of the Public Health Code; the personal use
   exception, which excludes the preparation, compounding, pack-
   aging, or labeling of a controlled substance from the general
   proscription of manufacturing controlled substances, applies
   only to controlled substances already in existence (MCL
   333.7106[2], 333.7401[1]; MSA 14.15[7106][2], 14.15[7401][1]).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — CONTROLLED SUB-
     STANCES — MARIHUANA — RIGHT TO PRIVACY.

   No constitutional right of privacy exists which encompasses the
   right to possess and use marihuana; a fortiori, there is no
   constitutional right to manufacture marihuana.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James P. Hoy,* Prosecuting Attorney, and *Raymond O. Howd,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett*), for defendant on appeal.

Before: D. F. WALSH, P.J., and HOOD and R. J. TAYLOR,* JJ.

D. F. WALSH, P.J. Defendant Daniel James Pearson was convicted, following a jury trial, of manufacturing a controlled substance (marihuana). MCL 333.7401(1); MSA 14.15(7401)(1). He was sentenced on October 21, 1985, to a three-year term of probation. MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c).

Defendant was arrested at the site of a fifty-foot-square, fenced plot located in a remote area on state-owned land. When first confronted by the police, defendant said: "Oh no, I'm sorry. Can't we work something out? I only grow it for my own use. This is the first time I've done anything like

---

* Circuit judge, sitting on the Court of Appeals by assignment.

this." The police harvested approximately 4,479 marihuana plants from the plot.

On appeal defendant renews his lower court argument that the growing of marihuana for one's own use is not prohibited. Defendant's proposed personal use defense was rejected by the trial court.

Defendant was convicted of manufacturing marihuana. MCL 333.7401(1); MSA 14.15(7401)(1). The Public Health Code defines "manufacture" as follows:

> *"Manufacture" means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance,* directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis. It includes the packaging or repackaging of the substance or labeling or relabeling of its container, except that *it does not include:*
>
> (a) *The preparation or compounding of a controlled substance by an individual for his or her own use.*
>
> (b) The preparation, compounding packaging, or labeling of a controlled substance:
>
> (i) By a practitioner as an incident to the practitioner's administering or dispensing of a controlled substance in the course of his or her professional practice.
>
> (ii) By a practitioner, or by the practitioner's authorized agent under his or her supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale. [MCL 333.7106(2); MSA 14.15(7106)(2). Emphasis added.]

"Production" is defined as the "manufacture, planting, cultivation, growing, or harvesting of a

controlled substance." MCL 333.7109(4); MSA 14.15(7109)(4).

These provisions are taken from the Uniform Controlled Substances Act and have been discussed at length by courts of other jurisdictions. Uniform Controlled Substances Act, 9 ULA, § 101(m) and (u), pp 197-200.

Personal use defenses to charges of growing marihuana have consistently been rejected. In *State v Childers,* 41 NC App 729; 255 SE2d 654 (1979), discretionary review 298 NC 302; 259 SE2d 916 (1979), the court found that the plain intent of the statutory personal use exception is to avoid imposing felony liability on individuals who, already in possession of a controlled substance, make it ready for their own use or combine it with other ingredients for use. *Id.* The production, propagation, conversion and processing of a controlled substance "contemplate a significantly higher degree of activity involving the controlled substance . . . and thus are more appropriately made felonies with regard to . . . whether the controlled substance so 'manufactured' was for personal use or for distribution." *Id.*[1]

In *State v Boothe,* 285 NW2d 760, 762 (Iowa App, 1979), aff'd 284 NW2d 206 (Iowa, 1979), the personal use defense was similarly rejected:

> If it had been the intention of the legislature that all acts within the statutory definition [of

---

[1] Defendant cites *State v Baxter,* 21 NC App 81; 203 SE2d 93 (1974), rev'd on other grounds 285 NC 735; 208 SE2d 696 (1974), and *State v Whitted,* 21 NC App 649; 205 SE2d 611 (1974), cert den 285 NC 669; 207 SE2d 761 (1974), cert den 419 US 1120; 95 S Ct 803; 42 L Ed 2d 820 (1975), in support of his argument that manufacture of marihuana for one's own use is not prohibited. The *Baxter* and *Whitted* discussions of intent have been expressly disavowed by the North Carolina court. *State v Childers, supra, State v Wiggins,* 33 NC App 291; 235 SE2d 265 (1977), cert den 293 NC 592; 241 SE2d 513 (1977). See also *State v Brown,* 310 NC 563; 313 SE2d 585 (1984).

"manufacture"] were to be excluded if done by an individual for his own use, it could easily have so provided by applying the proviso directly to the term "manufacturing" rather than to some but not all acts of manufacturing.

We find that the language which was employed suggests an intent to limit the application of the personal use proviso to acts of preparation or compounding of a controlled substance. This conclusion is strengthened by the fact that another proviso contained in the same definition pertaining to medical doctors and other persons or institutions licensed to distribute, dispense or conduct research relating to controlled substances is also applicable to some but not all acts of manufacturing.[2]

We are persuaded that these analyses reflect the only reasonable interpretation of the statutory language. We hold that the production, including the growing, of a controlled substance for one's own use is prohibited under MCL 333.7401(1); MSA 14.15(7401)(1). The personal use exception applies only to the preparation and compounding of a controlled substance already in existence.

Next, defendant argues that the constitutional rights to privacy and due process of law encompass the right to manufacture marihuana for personal use. We are not so persuaded. This Court has declined to recognize a constitutional right of privacy which encompasses the right to possess and use marihuana. *People v Williams,* 135 Mich App 537; 355 NW2d 268 (1984), lv den 422 Mich 877 (1985). A fortiori, there is no constitutional right to manufacture marihuana. See *State v Kelly,* 106 Idaho 268; 678 P2d 60 (1984), cert den — US —;

---

2 See also *Bedell v State,* 260 Ark 401; 541 SW2d 297 (1976), cert den 430 US 931; 97 S Ct 1552; 51 L Ed 2d 775 (1977); *State v Netzer,* 579 SW2d 170 (Mo App, 1979); *State v Smashey,* 672 SW2d 154 (Mo App, 1984); *State v Underwood,* 281 SE2d 491 (W Va, 1981).

105 S Ct 296; 83 L Ed 2d 231 (1984), where the court found no constitutional infirmity in the proscription of the cultivation of marihuana, even if it is being grown for personal consumption in the privacy of one's home.[3]

Defendant challenges the denial of his motion to suppress evidence of the statement he made to the police at the time of his arrest. He argued in the lower court that the police should have interrupted defendant and advised him of his *Miranda* rights. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). The court found that the statement was not elicited by police interrogation but was defendant's spontaneous reaction to being confronted by the police. The court thus properly ruled that the statement was not inadmissible. *People v Bell,* 131 Mich App 586; 345 NW2d 652 (1983), lv den 419 Mich 902 (1984).

On appeal, defendant argues for the first time that evidence of his statement to the police was admitted in violation of MRE 410, which provides that evidence of an offer to plead guilty or of statements made in connection with an offer to plead guilty is not admissible. Because this claim was not made in the lower court, it is not properly before this Court. In any event, the purpose of the court rule—to encourage negotiation and dialogue —was not thwarted by admission of this evidence. *People v Oliver,* 111 Mich App 734, 758; 314 NW2d 740 (1981), lv den 414 Mich 970 (1982). There was no discussion between defendant and the police, only defendant's unsolicited and unanswered statement. If defendant expected to negotiate a plea, that expectation was clearly not reasonable at the

[3] In this case, much of defendant's discussion focuses on the allegedly constitutional right to possess and use marihuana in the privacy of one's own home. Defendant's conviction, however, arose out of the growing of over four thousand marihuana plants on state-owned property.

time of his statement. The evidence was not inadmissible under MRE 410. 111 Mich App 756-757.

We have reviewed defendant's remaining claim of error and are persuaded of no error requiring reversal.

Affirmed.