*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

STANTON WESLEY MORRISON,

Defendant-Appellee.

FOR PUBLICATION
June 18, 2019
9:10 a.m.

No. 344531
Jackson Circuit Court
LC No. 18-003993-FH

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order granting defendant's motion to dismiss charges of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and possession of methamphetamine analogues, MCL 333.7403(2)(b)(*ii*). We reverse and remand.

The prosecution argues that the trial court erred when it granted defendant's motion to dismiss the charges pursuant to the "Good Samaritan law," MCL 333.7403(3)(a), because the court relied on public policy supporting the law, rather than statutory interpretation or findings of fact, and the amount of drugs that defendant possessed was in excess of an amount "sufficient only for personal use" for the statute to apply. We agree that the trial court erred in dismissing the charges because it failed to consider the statutory language.

In January 2017, defendant's mother called the police because defendant overdosed on drugs. When law enforcement and emergency medical services arrived, defendant was unconscious and unresponsive. Defendant was transported to the hospital, and tested positive for amphetamines, benzodiazepines, cannabinoids, and opiates. He had acute respiratory failure, and required intubation and mechanical ventilation. He was discharged from the hospital four days later. When the police executed a search warrant for defendant's bedroom, they found 0.44 grams of MDMA (ecstasy), 3.53 grams of a synthetic opioid called U-47700, and 349 pills of Xanax. Defendant was charged with possession of methamphetamine (MDMA) and methamphetamine analogues (Xanax) in January 2018. He was not charged with possession of U-47700 because it is not a controlled substance in Michigan. Defendant was arrested in February 2018.

-1-

In June 2018, defendant moved to dismiss the charges based on the Good Samaritan law, MCL 333.7403(3)(a). The prosecution conceded to the factual allegations underlying defendant's arrest, but argued that the Good Samaritan law did not apply because the amount of Xanax found in defendant's room far exceeded an amount "sufficient only for personal use." The prosecution did not support its response to defendant's motion with affidavits or other documentary evidence. The court held a hearing on defendant's motion, and merely provided on the record:

> And if [defendant's] mother hadn't called then we'd have mom in here on charges. And, we do want to encourage people to call.

The trial court granted defendant's motion, and entered an order dismissing the charges.

This Court reviews a trial court's decision on a motion to dismiss charges against a criminal defendant for an abuse of discretion. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). An abuse of discretion occurs when the trial court's decision "falls outside the range of principled outcomes." *Id*. "Whether a defendant's conduct falls within the scope of a penal statute is a question of statutory interpretation that is reviewed de novo." *People v Rea*, 500 Mich 422, 427; 902 NW2d 362 (2017).

A person may not knowingly or intentionally possess controlled substances or their analogues. MCL 333.7403(1). However, in certain circumstances, if an individual overdoses on a controlled substance, that individual may not be in violation of the statute. As provided in the Good Samaritan law:

> (a) An individual who seeks medical assistance for himself or herself or who requires medical assistance and is presented for assistance by another individual if he or she is incapacitated because of a drug overdose or other perceived medical emergency arising from the use of a controlled substance or a controlled substance analogue that he or she possesses or possessed in *an amount sufficient only for personal use* and the evidence of his or her violation of this section is obtained as a result of the individual's seeking or being presented for medical assistance [MCL 333.7403(3)(a) (emphasis added)].

When interpreting a statute, a court's goal is to give effect to the Legislature's intent by first looking to the plain language of the statute. *People v Lowe*, 484 Mich 718, 721-722; 733 NW2d 1 (2009). If the statutory language is unambiguous, the court must apply the language as written, and further analysis is neither required nor permitted. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). A court must assume that each word has some meaning, and should avoid constructions that render a part of the statute "surplusage or nugatory." *Id*. at 285. A court may not look to the statute's purpose or its public policy objectives unless the statutory language is ambiguous or unclear. *People v Pinkney*, 501 Mich 259, 272; 912 NW2d 535 (2018). When a court looks to the public policy without first analyzing the plain language, the court " 'runs counter to the rule of statutory construction directing us to discern legislative intent from plain statutory language.' " *Id*., quoting *Perkovic v Zurich American Ins Co*, 500 Mich 44, 53; 893 NW2d 322 (2017).

There is no caselaw interpreting or applying the Good Samaritan law. Defendant relies on *People v Baham*, 321 Mich App 228; 909 NW2d 836 (2017), a case in which this Court interpreted a similar personal use exception regarding the manufacture of controlled substances, but in the context of manufacture of methamphetamine. This Court considered a similar question in 1987, but in the context of an individual who was growing marijuana. *People v Pearson*, 157 Mich App 68, 72; 403 NW2d 498 (1987).[1] In both cases, the Court held that a personal use exception applies only to the preparation and compounding of a controlled substance already in existence, not the growth or manufacture of new controlled substances. *Baham*, 321 Mich App at 242-243; *Pearson*, 157 Mich App at 72. The Court did not engage in a discussion of what an "amount sufficient only for personal use" might be in either case. Therefore, neither case is directly applicable to the question at hand.

To determine whether defendant possessed Xanax in an "amount sufficient only for personal use" pursuant to MCL 333.7403(3)(a), the court must first look at the plain language of the statute. Black's Law Dictionary defines "personal" as "1. Of or affecting a person . . . . 2. Of or constituting personal property." *Black's Law Dictionary* (10th ed). The relevant Black's Law Dictionary definitions of "use" are "6. To take (an amount of something) from a supply . . . 9. To regularly take; to partake of (drugs, tobacco, etc.)." *Black's Law Dictionary* (10th ed).

Considering these definitions, an "amount sufficient only for personal use" requires a factual determination of what amount a specific person regularly takes. This requires a case-by-case application of the language based on each individual defendant's personal use habits. If a defendant possesses an amount of a controlled substance that he would regularly take, the Good Samaritan law offers him protection from prosecution. If a defendant possesses an amount of a controlled substance larger than an amount he would regularly consume, the Good Samaritan law offers him no protection. This is consistent with this Court's holding that a defendant's intent to deliver drugs may be inferred from the quantity of drugs in his possession and the way the drugs are packaged. *People v McGhee*, 268 Mich App 600, 611; 709 NW2d 595 (2005). See also *People v Wolfe*, 440 Mich 508, 524; 489 NW2d 748 (1992) (intent to deliver may be inferred from the quantity of the narcotics, packaging, and other circumstantial evidence).

The burden is on defendant to establish as an affirmative defense that the exemption to a criminal statute provided in the Good Samaritan law applies by presenting prima facie evidence of the elements of the defense. *People v Crawford*, 232 Mich App 608, 619; 591 NW2d 669 (1998); *People v Lemons*, 454 Mich 234, 248; 562 NW2d 447 (1997). Whether a defendant establishes an affirmative defense is typically a question for the jury. *People v Waltonen*, 272 Mich app 678, 690 n 5; 728 NW2d 881 (2006). However, if the defendant fails to establish an element of the defense, the trial court cannot present the defense to the jury for consideration, and it becomes a question of law before the court. See *Crawford*, 232 Mich App at 619 ("A

---

[1] Although not binding authority, decisions of this Court before November 1, 1990, may be persuasive. MCR 7.215(J)(1); *People v Vandenberg*, 307 Mich App 57, 66 n 2; 859 NW2d 229 (2014).

defendant asserting an affirmative defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense.").

In this case, the trial court did not refer to the relevant statute or engage in any statutory interpretation. The trial court did not refer to the language of the Good Samaritan law, nor did it make any findings of fact regarding whether defendant was in possession of an amount of Xanax "sufficient only for personal use." MCL 333.7403(3)(a). Admittedly, there was very little evidence before the trial court; however, the trial court failed to refer to any of the evidence before it. Rather, the trial court relied upon the public policy behind the Good Samaritan law, namely, the priority of saving lives over the criminal prosecution of illegal drug users. This was the sole basis for the trial court's decision. It did not want to deter people from seeking medical assistance, as defendant's mother did. The court's actions are prohibited by *Pinkney* because the court allowed public policy, rather than plain statutory language, to guide its decision-making. *Pinkney*, 501 Mich at 272. Therefore, the trial court erred when it dismissed the charges against defendant without finding that the amount of Xanax he possessed was an amount larger than would be sufficient for his personal use. *Id*. It follows that on remand, the question whether defendant possessed an amount of Xanax "sufficient only for personal use" should be posed to the jury as a subjective question of fact if defendant presents a prima facie case of the affirmative defense. *Crawford*, 232 Mich App at 619. If defendant fails to meet this burden, the issue is a question of law before the court to decide.

Additionally, based on the record before the trial court at the time the motion was heard, the evidence was insufficient to determine whether defendant possessed an amount of Xanax "sufficient only for personal use." MCL 333.7403(3)(a). At that time, the record consisted only of the prosecution's opinion that the defendant had more Xanax than was sufficient for personal use. The prosecution did not put forth any evidence about what "personal use" typically looks like for a Xanax user, and defendant did not put forth any evidence about his drug habits, or his personal Xanax use. There was no record evidence available to determine whether the amount of Xanax recovered from defendant's bedroom was an amount of Xanax that defendant would use personally.

The parties attached a number of exhibits and affidavits regarding this issue to pleadings before this Court. However, to consider evidence presented on appeal that the parties failed to present to the trial court would be an impermissible expansion of the lower court record. See MCR 7.210(A)(1) (appeals are "heard on the original record."); *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999) ("it is impermissible to expand the record on appeal."). Therefore, even if the trial court had applied the statute properly, there was no evidence on which it could base its findings. The court must determine whether defendant established the affirmative defense for the issue to go to the jury, or whether the evidence establishes that no reasonable juror could conclude that 349 pills of Xanax were "sufficient only for personal use," and the issue is a question of law before the court. On remand, the court should allow the parties to present evidence on this issue to develop the record. The court may consider on remand other evidence, direct and circumstantial, that indicate possession with intent to deliver, *McGhee*, 268 Mich App at 611; *Wolfe*, 440 Mich at 524, such as the quantity of drugs, plastic bags or other packaging, large amounts of money, multiple cellular telephones, a scale, etc.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly